TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 95-807 |
| of | : | |
| | : | June 19, 1996 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| GREGORY L. GONOT | : | |
| Deputy Attorney General | : | |
| | : | |

_____

LAURENCE M. WATSON, ACTING COUNTY COUNSEL, COUNTY OF ORANGE, has requested an opinion on the following question:

May the treasurer of a general law county grant to a contract investment manager, who is not a deputy of the treasurer, discretionary authority to invest funds on deposit with the treasurer?

CONCLUSION

The treasurer of a general law county may grant to a contract investment manager, who is not a deputy of the treasurer, discretionary authority to invest funds on deposit with the treasurer, provided that the treasurer exercises prudence in the selection of the manager and imposes suitable safeguards to prevent abuse in the exercise of discretion by the manager. The treasurer would remain responsible for any investment decisions made by the manager.

ANALYSIS

The question presented for resolution concerns the ability of a county treasurer to contract with an investment manager for the purpose of investing funds which are in the custody of the treasurer. The manager would select, purchase, and sell individual securities. We conclude that such an arrangement would not violate state law if the treasurer exercises prudence in the selection of the manager and imposes safeguards to prevent abuse in the exercise of discretion by the manager. The treasurer would remain responsible for any investment decisions made by the manager.

Government Code section 27000[1] provides that "[the] county treasurer shall receive and keep safe all money belonging to the county and all other money directed by law to be paid to him and apply and pay it out, rendering the account as required by law."   Section 27000.1 states:

"The board of supervisors may, by ordinance, delegate to the county treasurer the authority to invest or reinvest the funds of the county and funds of other depositors in the county treasury . . . .  The county treasurer shall thereafter assume full responsibility for those transactions until the board of supervisors, by ordinance, revokes its delegation of authority. . . ."

Section 27000.3 provides:

"The county treasurer is a trustee and therefore a fiduciary subject to the prudent investor standard.  When investing, reinvesting, purchasing, acquiring, exchanging, selling, and managing public funds, the county treasurer shall act with care, skill, prudence, and diligence under the circumstances then prevailing, that a prudent person acting in a like capacity and familiarity with those matters would use in the conduct of funds of a like character and with like aims, to safeguard the principal and maintain the liquidity needs of the county and the other depositors.  Within the limitations of this section and considering individual investments as part of an overall investment strategy, a trustee is authorized to acquire investments as authorized by law.  Nothing in this chapter is intended to grant investment authority to any person or governing body except as provided in Sections 53601, 53607, and 53635."[2]

Section 27000.5 states:

"When investing, reinvesting, purchasing, acquiring, exchanging, selling, and managing public funds, the primary objective of the county treasurer shall be to safeguard the principal of the funds under his or her control.  The secondary objective shall be to meet the liquidity needs of the depositor.  The third objective shall be to achieve a return on the funds under his or her control."

When a county invests surplus funds, the board of supervisors must establish a county treasury oversight committee.  (§ 25131.)  The treasurer must annually prepare for the committee an investment policy which includes:

"(a)     A list of securities or other instruments in which the county treasurer may invest, according to law, including the maximum allowable percentage by type of security.

---

[1] All section references are to the Government Code unless otherwise indicated.

[2] The requirements of sections 53607 and 53635 are discussed below.

"(b)	The maximum term of any security purchased by the county treasury.

"(c)	The criteria for selecting security brokers and dealers from, to, or through whom the county treasury may purchase or sell securities or other instruments. The criteria shall prohibit the selection of any broker, brokerage, dealer, or securities firm that has, within any consecutive 48-month period following January 1, 1996, made a political contribution in an amount exceeding the limitations contained in Rule-G37 of the Municipal Securities Rulemaking Board, to the local treasurer, any member of the governing board of the local agency, or any candidate for those offices.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."   (§ 27133.)

While the committee has oversight responsibility, it may not "direct individual investment decisions, select individual investment advisors brokers, or dealers, or impinge on the day-to-day operations of the county treasury."   (§ 27137.)

Historically the Legislature placed numerous restrictions upon the investment of local public funds.  (See Stats. 1967, ch. 1026, § 1; Stats. 1949, ch. 81, § 1.)  Differing requirements were made applicable to the investment of local funds needed for immediate use, surplus funds needed for future use, and specialized funds such as those contributed under an employee deferred compensation plan.  (See 57 Ops.Cal.Atty.Gen. 534, 539-542 (1974).)  Recently investment opportunities have been broadened by the Legislature and given substantially similar treatment.  (See, e.g., §§ 53601, 53609, 53635.)

We may assume for our purposes that the county treasurer has been given the necessary authority by the board of supervisors to invest the county's funds, that a county treasury oversight committee has been established in the county, and that the treasurer will comply with all statutory requirements relating to the investment of the funds.

Except insofar as the treasurer's powers may be exercised by a deputy,[3] the governing statutes do not expressly provide for any further grant of discretion with respect to the investment of county funds.  Here we are given that the manager would not be a deputy of the treasurer.  Since no express statutory authority allows a treasurer to grant discretion regarding investment decisions to such an "outside" manager, may the authority to do so be implied?  We believe the answer to this question may be determined by examining the scope of the treasurer's authority as a trustee of the county's funds.

---

[3] The county treasurer "may appoint as many deputies as are necessary for the prompt and faithful discharge of the duties of his office."  (§ 24101.)  "Whenever the official name of any principal officer is used in any law conferring power or imposing duties or liabilities, it includes deputies."  (§ 24100; see also §§ 7, 1194; 70 Ops.Cal.Atty.Gen. 710, 715, 718-719 (1980).)

Section 27000.3 denominates the treasurer as a "trustee," thereby making him "a fiduciary subject to the prudent investor standard." The prudent investor standard is set forth in the Restatement Third of Trusts section 227. As applicable herein, section 227 states:

"The trustee is under a duty to the beneficiaries to invest and manage the funds of the trust as a prudent investor would, in light of the purposes, terms, distribution requirements, and other circumstances of the trust.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(c)    In addition, the trustee must:

"(1)    conform to fundamental fiduciary duties of loyalty (§ 170) and impartiality (§ 183);

"(2)    act with prudence in deciding whether and how to delegate authority and in the selection and supervision of agents (§ 171); and

"(3)    incur only costs that are reasonable in amount and appropriate to the investment responsibilities of the trusteeship (§ 188).

"(d)    The trustee's duties under this Section are subject to the rule of § 228, dealing primarily with contrary investment provisions of a trust or statute."

The Restatement rule, section 171, governing a trustee's authority in granting discretion to others in performing his responsibilities is as follows:

"A trustee has a duty personally to perform the responsibilities of the trusteeship except as a prudent person might delegate those responsibilities to others. In deciding whether, to whom and in what manner to delegate fiduciary authority in the administration of a trust, and thereafter in supervising agents, the trustee is under a duty to the beneficiaries to exercise fiduciary discretion and to act as a prudent person would act in similar circumstances."

A comment to this Restatement rule explains "fiduciary duty" and "discretion" as regards a delegation of responsibility:

"A trustee stands in a fiduciary relationship to the beneficiaries of the trust and therefore is under a duty personally to perform the responsibilities of the trusteeship except as it would be prudent, under the circumstances, to delegate to agents *the making of decisions* or the performance of acts of administration." (§ 171, com. a; emphasis added.)

The prudent investor standard is also set forth in the Uniform Prudent Investor Act (Prob. Code, §§ 16045-16054). Probate Code section 16052, subdivision (a), states:

"A trustee may delegate investment and management functions as prudent under the circumstances.  The trustee shall exercise prudence in the following:

"(1)  Selecting an agent.

"(2)  Establishing the scope and terms of the delegation, consistent with the purposes and terms of the trust.

"(3)  Periodically reviewing the agent's overall performance and compliance with the terms of the delegation."[4]

The use of agents by a trustee may be necessary because "[m]any duties of the trustee require special skills and knowledge which the trustee does not possess so that he could not be expected to perform such work without advice and aid."  (Bogert, Trusts (6th ed. 1987) § 92, p. 331.)  In a comment regarding the prudent investor standard, the Restatement Third of Trusts states:

"The trustee is not required personally to perform all aspects of the investment function.  *The trustee must not, however, abdicate the responsibilities of the office* and must not delegate unreasonably.  Prudent behavior in this matter, as in other aspects of prudent investment management, cannot be reduced to a simple, objective formula.

"With professional advice as needed, the trustee personally must define the trust's investment objectives.  The trustee must also make the decisions that establish the trust's investment strategies and programs, at least to the extent of approving plans developed by agents or advisers.  Beyond these generalizations, expressed in terms that are necessarily imprecise, there is no invariant formula concerning functions that are to be performed by the trustee personally.

"Many factors affect the nature and extent of prudent and therefore permissible delegation.  These factors include the almost infinite variety that exists in trustees and trusteeships, as well as in investment objectives and techniques and in the types, circumstances, and goals of trusts.  For example, it would be impractical for delegation decisions not to take account of the scale of a trust's operations and the nature of the trustee's operating structure.  Corporate trustees necessarily act through their employees; between that situation and the individual who acts as a trustee or co-trustee, however, there are many variations of trusteeship, encompassing, for example, *institutional governing bodies*, law firms, and panels of individuals operating with the support of full-time staff.

---

[4] A county treasurer's conduct may be measured under the principles applicable to trustees expressed in the Probate Code.  (See Prob. Code, § 15003, subd. (c).)

"The trustee's authority to delegate is not confined to acts that might reasonably be described as `ministerial.'  Nor is delegation precluded because the act in question calls for the exercise of considerable judgment or discretion.  The trustee's decisions with regard to delegation are themselves matters of fiduciary judgment and responsibility falling within the sound discretion of the trustee.

"As in other matters of fiduciary discretion . . ., the trustee must not abuse the discretion to delegate.  Accordingly, a court may substitute its judgment for that of the trustee in a matter of delegation if and only if the trustee has acted unreasonably, or has unreasonably failed to act.  Similarly, a trustee's liability in a matter of delegation depends on a failure to exercise the required degree of care, skill, or caution.

"In deciding what as well as whether to delegate and in selecting, instructing, and supervising agents, the trustee has a duty to the beneficiaries to act as a prudent investor would act under the circumstances.  *The trustee must exercise care, skill, and caution in establishing the scope and specific terms of any delegation, and must keep reasonably informed in order to monitor the execution of investment decisions or plans*.

"In all of these matters the trustee has a duty to the beneficiaries to take account of all relevant circumstances.  These include the *knowledge, skill, facilities, and compensation of both the trustee and the prospective agents*.  Also of importance are such considerations as the *size of the trust estate and the burdens and complexity of both the assets to be managed and the strategies to be implemented*.  Active investment strategies, for example, especially in low efficiency markets such as real estate and venture capital, are likely to require the hiring of agents with special skills not possessed by many trustees, often not even by professional or corporate fiduciaries."  (§ 227, com. j, pp. 39-40, emphasis added.)

The prudent investor standard requires a trustee to act in accordance with applicable statutes.  Section 228 of the Restatement Third of Trusts provides:

"In investing the funds of the trust, the trustee

"(a)     has a duty to the beneficiaries to conform to any applicable statutory provisions governing investment by trustees . . . ."

As previously indicated, upon receiving authority from the board of supervisors to invest county funds, the treasurer assumes full responsibility for that function.  (§ 27000.1.)  However, it is contemplated by the Legislature that the treasurer, in making investments for the county (§ 53607), will employ necessary financial advisors, consultants, and managers in carrying out his responsibilities.  Section 53635, for example, provides in part:

". . .  A local agency purchasing or obtaining any securities described in this section, in a negotiable, bearer, registered, or nonregistered format, shall require delivery of all the securities to the local agency, *including those purchased for the*

*agency by financial advisors, consultants, or managers using the agency's funds*, by book entry, physical delivery, or by third-party custodial agreement. . . ."  (Emphasis added.)[5]

We believe that given (1) the relatively large amount of funds which may be administered by a county treasurer, (2) the degree of skill required for investing in the complex forms of securities described in section 53635, (3) the section 27133 requirement for annual preparation by the treasurer of an investment policy to control investment decisions (including the maximum allowable percentage by type of security), and (4) the section 27134 requirement for an annual audit which "may include issues relating to the structure of the investment portfolio and risk," a county treasurer may grant the authority in question under the prudent investor standard, assuming he has exercised prudence in the selection of the manager and has imposed suitable safeguards to prevent abuse in the exercise of discretion by the manager.  Of course, in contracting with an investment manager, the treasurer may not abdicate his responsibility for the investment of county funds.

We conclude that the treasurer of a general law county may grant to a contract investment manager, who is not a deputy of the treasurer, discretionary authority to invest funds on deposit with the treasurer provided that the treasurer exercises prudence in the selection of the manager and imposes suitable safeguards to prevent abuse in the exercise of discretion by the manager.  The trustee would remain responsible for any investment decisions made by the manager.

\* \* \* \* \*

---

[5] Wholly aside from the issue of granting discretion to a manager to invest county funds, we note that a county board of supervisors may contract for investment advice under the terms of section 53060:

> "The legislative body of any public or municipal corporation or district may contract with and employ any persons for the furnishing to the corporation or district special services and advise in financial, economic, accounting, engineering, legal, or administrative matters if such persons are specially trained and experienced and compensation to perform the special services required.

> ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

> "The legislative body of the corporation or district may pay from any available funds such compensation to such persons as it deems proper for the services rendered."